**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

YOANDYS CHAVEZ CRUZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05760 JLT EPG (HC)

A-Number: 074-125-848

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR DEFAULT JUDGMENT, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 10, 13)

Petitioner, a citizen of Cuba, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He was admitted to the United States in 1996 and has lived here since, later adjusting his status to legal permanent resident. (Doc. 1, ¶ 2.) In 2015, he was convicted of numerous property crimes, including theft, trespass, and financial transaction card fraud, for which he was sentenced to five years imprisonment. (Doc. 11-1, ¶ 8.) Upon his release in July 2018, he was transferred to ICE custody, removal proceedings were initiated, and an immigration judge ordered him removed to Cuba. (*Id.*, ¶¶ 9–10.) In October 2018, he was released on an Order of Supervision after DHS determined removal to Cuba in the foreseeable future was unlikely. (*Id.*, ¶¶ 11.) Since then, according to Respondents, Petitioner has sustained several other convictions, including for driving under the influence, battery, cruelty to children,

and burglary. (*Id.*, ¶ 12.) In addition, in August 2025, Petitioner violated his OSUP after he failed to report at a schedule check in. (*Id.*, ¶ 13.)

On January 13, 2026, Petitioner was taken into ICE custody and served with a Notice of Revocation indicating that DHS had determined he could be expeditiously removed from the United States. (*Id.*, ¶ 14.) On February 18 2026, Petitioner was served with a notice of intent to remove him to Mexico, which he refused to sign, along with a Warning for Failure to Depart (Form I -229). (*Id.*, ¶ 15.) On four separate occasions in June and July 2026, he was served with the Form I -229, which he again refused to sign. (*Id.*, ¶¶ 16–17.) On July 23, 2026, he filed the instant petition, seeking immediate release

August 27, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted, Respondents be directed to immediately release Petitioner, and additionally that Respondents be barred from removing Petitioner to a third country if Petitioner asserts a fear-based claim for relief from removal without first providing him a meaningful opportunity to be heard on his fear-based claim. (Doc. 13.) On August 31, 2026, Respondents filed timely objections. (Doc. 14.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis in part.

As the magistrate judge points out (Doc. 13 at 5–6), the six-month presumptively reasonable detention period and "the burden shifting framework from *Zadvydas* [*v. Davis*, 533 U.S. 678, 683 (2001),] does not apply" to challenges to "ICE's authority to re-detain [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025). Here, however, it is not entirely clear from the record whether Petitioner was re-detained <u>solely</u> pursuant to 8 C.F.R. § 241.13(i)(2) based upon Respondents' assertion that there were changed circumstances regarding the chances of Petitioner's removal, or whether Respondents may also have relied upon the fact that Petitioner violated the terms of his OSUP by committing additional

crimes and failing to report for a scheduled check in. Thus, the Court will assume for purposes of this analysis that the "more demanding" *Zadvydas* standard applies. *See Ruiz-Acosta* 2026 WL 1846727, at *2 (applying *Zadvydas* standard where it was unclear whether petitioner was previously detained after he was ordered removed).

Even so, Petitioner has met his initial burden to show there is good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner argues that his detention has become impermissibly prolonged because he has been detained for longer than the presumptively six months and the government has been unable to obtain travel documents to remove him to Cuba or any other country. (*See* Doc. 1, ¶ 24.) Crucially, Respondents have not produced evidence that Mexico has formally accepted Petitioner. (*Id.*) As several other courts have explained, though DHS may have an informal arrangement with the Mexican government to allow third country removals to Mexico, Mexico only accepts individuals who consent to be removed there. *Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-CV-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026); *see also Garcia Lopez v. Warden, California City*, No. 1:26-CV-05318-DJC-AC, 2026 WL 2323196, at *3 (E.D. Cal. Aug. 11, 2026); *id.* at *2 n. 1 (collecting cases). The record is devoid of any evidence suggesting Mexico will accept Petitioner in the absence of his consent. Therefore, Respondents fail to rebut Petitioner's showing. Though the Court has concerns about Petitioner's criminal history, under these circumstances, binding Ninth Circuit authority directs that Petitioner be released subject to appropriate conditions. *See Tuan Thai v. Ashcroft*, 366 F.3d 790, 797 (9th Cir. 2004).

The magistrate judge also recommended enjoining Respondents from effectuating any third country removal absent additional procedures, including a hearing before an immigration judge if Petitioner asserts fear of going to that Country. The Court finds it is premature to offer such relief. The record does not suggest that Respondents are contemplating removal to any country other than Mexico. Because removal to Mexico is not likely to occur, the Court finds no need for the recommended injunctive relief related to third country removal.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 27, 2026 (Doc. 32) are

**ADOPTED IN PART**.

2. The petition for writ of habeas corpus is **GRANTED**.
3. Petitioner's motion for default judgment (Doc. 10) is **DENIED**.
4. Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody appropriate conditions.
5. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[1]
6. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order.
7. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _September 1, 2026_

UNITED STATES DISTRICT JUDGE

[1] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to 8 U.S.C. § 241.13(i)(1) should Petitioner once again violate the terms of his release.